UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| KENNETH VEGA PHILLIPS,            ) | No. ED CV 08-01859-AG (VBK) |
|                                   ) | |
| Petitioner,  ) | MEMORANDUM AND ORDER DENYING |
|                                   ) | RESPONDENT'S MOTION TO DISMISS |
| v.           ) | AND GRANTING PETITIONER'S REQUEST |
|                                   ) | FOR A STAY |
| M. A. SMELOSKY,                   ) | |
|                                   ) | |
| Respondent.  ) | |

### PROCEEDINGS

On December 16, 2008, Petitioner filed a "Petition for Writ of Habeas Corpus by a Person in State Custody" pursuant to 28 U.S.C. section 2254. Petitioner contends the following: (1) violation of Evidence Code §§352 and 1101(b); and (2) a tainted jury panel claim. (See Petition at p. 5.)

On January 21, 2009, Respondent filed a "Notice of Motion and Motion to Dismiss Petition for Writ of Habeas Corpus" on the grounds that the Petition contains an unexhausted claim. Specifically, Respondent contends that Petitioner failed to exhaust Ground Two, a tainted jury panel claim, in the California Supreme Court.

On January 28, 2009, the Court issued a Minute Order ordering

Petitioner to file an Opposition or Statement of Non-Opposition to the Motion to Dismiss addressing the issue of exhaustion. Petitioner, if he conceded that Ground Two was not exhausted, was ordered in light of Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005) to advise the Court whether good cause exists for Petitioner's failure to exhaust this claim and whether Petitioner has been diligent.

On February 20, 2009, Petitioner filed an "Opposition to Respondent's Motion to Dismiss", requesting the Court to grant him a Stay to exhaust Ground Two.

## DISCUSSION

### A. Exhaustion Requirement Generally.

Federal habeas petitioners challenging the legality of custody pursuant to a state court judgment must first exhaust any remedies available in the state courts, unless circumstances exist which make such remedies ineffective. (28 U.S.C. §2254(b)(1))  This exhaustion requirement is not met if a petitioner has the right, under state law, to raise the claims presented in any available state procedure. (28 U.S.C. §2254(c))  A state, through counsel, may waive the exhaustion requirement, but must do so expressly. (28 U.S.C. §2254(b)(3))

The exhaustion requirement is designed to protect the role of the state courts in the enforcement of federal law and to prevent disruption of state judicial proceedings. Rose v. Lundy, 455 U.S. 509, 518, 102 S. Ct. 1198, 71 L. Ed. 2d 379 (1982). A petitioner has exhausted state remedies if he has fairly presented each and every one of his federal claims to the highest state court with the jurisdiction to consider them. Duncan v. Henry, 513 U.S. 364, 365, 115 S. Ct. 887, 130 L. Ed. 2d 865 (1995) (per curiam), citing Picard v. Connor, 404

U.S. 270, 275, 92 S. Ct. 509, 30 L. Ed. 2d 438 (1971); Harmon v. Ryan, 959 F.2d 1457, 1460 (9th Cir. 1992). A claim has been fairly presented if the petitioner has described the operative facts and legal theory upon which his claim is based. Bland v. California Department of Corrections, 20 F.3d 1469, 1473 (9th Cir.), cert. denied 513 U.S. 947 (1994). Further, the petitioner must have alerted the state court that a claim is asserted under the United States Constitution. Duncan, 513 U.S. at 365; Johnson v. Zenon, 88 F.3d 828, 830-31 (9th Cir. 1996). If a petitioner fails to alert the state court to the fact that he is raising a federal constitutional claim, his federal claim is unexhausted regardless of its similarity to the issues raised in state court. Keating v. Hood, 133 F.3d 1240, 1241 (9th Cir. 1998); citing Johnson, 88 F.3d at 829; see also Crotts v. Smith, 73 F.3d 861, 865 (9th Cir. 1996).

Unless the state expressly waives the exhaustion requirement, a federal court cannot grant relief requested in a state prisoner's habeas petition if the prisoner has not exhausted state remedies with respect to each and every claim contained in the petition. 28 U.S.C. §2254(b)(1); Reutter v. Crandel, 109 F.3d 575, 578 (9th Cir.), cert. denied, 118 S. Ct. 142 (1997) (even petitions containing both exhausted and unexhausted claims are subject to dismissal).

Here, Respondent contends that Petitioner has filed a "mixed" petition; thus, the petition should be dismissed.

**B.  Stay and Abeyance Law.**

In Rhines v. Weber, 544 U.S. 269, 125 S.Ct. 1528, 1535 (2005), the United States Supreme Court held that a federal district court may stay a mixed habeas petition to allow a petitioner to present

unexhausted claims to the state court. A District Court should stay, rather than dismiss, a mixed habeas petition if the Petitioner has good cause for his failure to exhaust, his unexhausted claims are meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics. Id. at 278.

In Rhines, the Supreme Court noted that because of the total exhaustion requirement in Rose v. Lundy, 455 U.S. 509, 518-19, 102 S.Ct. 1198 (1982) and AEDPA's one-year statute of limitations, petitioners with mixed petitions "run the risk of forever losing their opportunity for any federal review of their unexhausted claims." Rhines, 125 S.Ct. at 1533. This risk arises because a petitioner could be faced with a choice of either striking his unexhausted claims and going forward with an exhausted petition or allowing the whole petition to be dismissed, without prejudice, as mixed. Under the first option, if Petitioner's original petition had already been decided on the merits, he could not include the newly exhausted claims in a subsequent petition, as the second petition would be subject to the strict limitations AEDPA places on successive petitions. See 28 U.S.C. §2244(b). The second option available under Rose is no more desirable for a petitioner given the fact that AEDPA's one-year statute of limitations will likely have run before a petitioner is able to fully exhaust state court remedies on the mixed petition and return to federal court. Rhines, 125 S.Ct. at 1533-34.

In light of the above circumstances, Rhines concluded that a District Court has discretion to stay a mixed petition to allow a petitioner time to return to state court to present unexhausted claims. In making this determination, however, the Court held that the stay and abeyance procedure must be applied consistently with

1  AEDPA's twin purposes: "reducing delays in the execution of state and
2  federal criminal sentences" and encouraging "petitioners to seek
3  relief from state courts in the first instant." <u>Rhines</u>, 125 S.Ct. at
4  1534.  As a result, <u>Rhines</u> cautioned, a stay and abeyance should be
5  available only in limited circumstances, and is appropriate only when
6  the District Court determines that there was "good cause" for the
7  failure to exhaust.  <u>Rhines</u>, 125 S.Ct. at 535.

8      Respondent contends that the within Petition is a "mixed"
9  petition and is unexhausted as Petitioner failed to exhaust Ground
10 Two.  Petitioner has acknowledged this fact by filing a request on
11 February 20, 2009 to hold the within proceedings in abeyance while he
12 seeks to exhaust Ground Two in state court. (<u>See</u> Opposition at 1.)
13 Petitioner contends that his appellate counsel said it was difficult
14 to establish prejudice on a tainted jury claim; therefore, it was not
15 raised on direct appeal.  Petitioner in his Opposition has requested
16 the Court to exercise its discretion and stay the Petition, holding it
17 in abeyance while Petitioner exhausts Ground Two in the California
18 Supreme Court.  (Opposition at 1.) Petitioner also attached a "Request
19 for Extension of Time" because he is a "layman" and has "limited
20 access to the law library."

21     Petitioner requests a Stay in light of <u>Rhines v. Weber</u>, 544
22 U.S.269, 125 S.Ct. 1528, 1535 (2005), wherein the United States
23 Supreme Court held that a Federal District Court may stay a mixed
24 habeas petition to allow a petitioner to present unexhausted claims to
25 the state court.  The stay and abeyance procedure adopted in <u>Kelly v.
26 Small</u>, 315 F.3d 1063 (9th Cir. 2003), allows a Stay when valid claims
27 would otherwise be forfeited.  <u>Id</u>. at 1070.
28     The Court has determined that Petitioner has established "good

cause" and reasonable diligence justifying a Stay.

## **ORDER**

**IT IS HEREBY ORDERED** that (1) Respondent's Motion to Dismiss is **DENIED**; (2) Petitioner's request for a Stay is **GRANTED**, provided Petitioner files a habeas petition in the California Supreme Court raising Ground Two within 30 days of the date of this Order and provides a Status Report with this Court every 30 days, advising the Court whether his state habeas petition remains pending; and (3) Petitioner must file a First Amended Petition, alleging his present exhausted claim as well as the newly exhausted claim (assuming the California Supreme Court denies habeas relief on the claims), within 60 days from the date of the California Supreme Court's decision on its habeas petition.  Petitioner is cautioned that should he fail to act within these time frames, the Court will order the Stay vacated nunc pro tunc, and he will not be allowed to raise additional claims in this action.  See Kelly, 315 F.3d at 1070.

**IT IS SO ORDERED.**


DATED: March 3, 2009             /s/
                                 VICTOR B. KENTON
                                 UNITED STATES MAGISTRATE JUDGE